Approved: _____
DAVID W. DENTON, JR. / REBEKAH DONALESKI
Assistant United States Attorneys

Before:THE HONORABLE JAMES L. COTT
United States Magistrate Judge
Southern District of New York

**16 MAG 5905**

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

ZIMMIAN TABB and
COURTNEY JACKSON.

Defendants.

- - - - - - - - - - - - - - - - - - x

**SEALED COMPLAINT**

Violations of
21 U.S.C. §§ 841(a)(1)
and 856(a)(2)

COUNTY OF OFFENSE:
BRONX

SOUTHERN DISTRICT OF NEW YORK, ss.:

JOHNNIE ROSARIO, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

COUNT ONE
(Narcotics Possession with Intent to Distribute - TABB)

1.On or about August 13, 2016, in the Southern District of New York and elsewhere, ZIMMIAN TABB, the defendant, intentionally and knowingly distributed and possessed with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2.The controlled substance involved in the offense was mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), and
841(b)(1)(C); and Title 18, United States Code, Section 2.)

2

COUNT TWO
(Maintaining Drug-Involved Premises - JACKSON)

3. In or about August 2016, in the Southern District of New York and elsewhere, COURTNEY JACKSON, the defendant, unlawfully, willfully, and knowingly did open, lease, rent, use, and maintain a place for the purpose of manufacturing, distributing, and using a controlled substance, to wit, JACKSON allowed the apartment where she resided at 1596 Taylor Avenue in the Bronx, New York, to be used to store, package, and distribute a controlled substance.

(Title 21, United States Code, Section 856.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

4. I am a Detective with the NYPD. This affidavit is based upon my conversations with law enforcement officers, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based upon my conversation with other law enforcement officers, and my review of reports and documents prepared by others, I have learned, among other things, the following:

a. On or about August 13, 2016, at approximately 4:05 a.m., a 911 caller reported to the NYPD, in sum and substance, that a black male, wearing a grey t-shirt and grey shorts, had threatened someone with a black gun, and that shots had been fired in the vicinity of 216th Street and White Plains Road. The 911 caller reported that the black male with the firearm had been driving in a white BMW with license plate HAV1839, that there were multiple male black individuals in the white BMW, and that after the shots were fired, the white BMW fled westbound on 217th Street.

b. Officers responded to the vicinity of 216th Street and White Plains Road in response to the 911 call, and located the white BMW, bearing license plate HAV1839, approximately 45 minutes later, in the vicinity of 217th Street

3

and Bronxwood Avenue. Officers initiated a traffic stop of the white BMW. Officers approached the white BMW, and located ZIMMIAN TABB, the defendant, in the front driver's seat, and another male individual ("CC-1") in the front passenger seat. Officers determined that both TABB and CC-1 had active arrest warrants, and accordingly placed them under arrest. Additionally, TABB did not have a driver's license. TABB and CC-1 were transported to the 47th Precinct for processing.

    c. NYPD officers took custody of the white BMW. During the course of an inventory search, officers discovered approximately 75 small baggies of a white, rock-like substance from within the inner handle to the gas tank of the white BMW. Based upon my training and experience, and the training and experience of the officers who recovered the baggies containing the white, rock-like substance, I believe the white, rock-like substance to be crack cocaine.[1] Officers also recovered a small bag of marijuana from within the passenger compartment of the white BMW.

    d. The white BMW is registered to COURTNEY JACKSON, the defendant, at 1576 Taylor Avenue, Apartment #4J, Bronx, New York, 10460 (the "Taylor Avenue Address").

    e. TABB is currently serving a term of supervised release imposed after his plea of guilty in this district before United States District Judge Paul G. Gardephe to violations of Title 21, United States Code, Section 846 (narcotics conspiracy) and Title 18, United States Code, Section 922(g) (felon in possession of a firearm), in case 12 Cr. 763 (PGG).

    f. As a condition of his supervised release, TABB has reported to the United States Probation Department ("Probation") that he is currently residing at the Taylor Avenue Address, which is leased to JACKSON.

    g. On August 24, 2016, officers from Probation and the NYPD executed a search pursuant to the terms of TABB's supervised release at the Taylor Avenue Address, which TABB shares with JACKSON. JACKSON was present at the location, but TABB was not. During that search, officers recovered numerous items of narcotics paraphernalia, including plastic baggies, wax paper "glassine" baggies, and several scales with what appeared

---

[1] The NYPD is awaiting the results of laboratory testing of the white, rock-like substance.

4

to be narcotics residue on them, all of which were in plain view within the apartment.[2]

      h.  Based on my training and experience, the number of bags of the white, rock-like substance, which I believe to be crack cocaine, recovered from the white BMW occupied by TABB and CC-1 is not an amount that is consistent with personal use; rather it is an amount that is consistent with the distribution of narcotics. Similarly, based on my training and experience, the plastic baggies found in JACKSON's apartment are typically used to package crack cocaine for distribution; the glassine baggies found in JACKSON's apartment are typically used to package heroin for distribution; and the presence of paraphernalia such as the baggies and scales found in JACKSON's apartment is indicative of the preparation and packaging of narcotics for distribution.

      WHEREFORE, deponent respectfully requests that warrants issue for the arrest of ZIMMIAN TABB and COURTNEY JACKSON, the defendants, and that they be arrested and imprisoned or bailed, as the case may be.

                                         *signature*
                              Detective Johnnie Rosario
                              New York City Police Department

Sworn to before me this
15th day of September, 2016

*signature*

THE HONORABLE GABRIEL GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

---

[2] The NYPD is awaiting the results of laboratory testing on the narcotics residue.