UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA, New York, N.Y.

v. 16 Cr. 747(AKH)

ZIMMIAN TABB,

Defendant.

------------------------------x

November 16, 2016
11:20 a.m.

Before:

HON. ALVIN K. HELLERSTEIN,

District Judge

APPEARANCES

PREET BHARARA
United States Attorney for the
Southern District of New York
BY: DAVID W. DENTON, JR.
Assistant United States Attorney

RICHARD SIGNORELLI
Attorney for Defendant

(Case called)

MR. DENTON: Good morning, your Honor. David Denton for the government.

THE COURT: Good morning.

MR. SIGNORELLI: Good morning, Richard Signorelli, and I believe my client, Zimmian Tabb, is being brought out momentarily.

Your Honor, for the record I am with my client, Zimmian Tabb. We are ready to proceed with the arraignment.

THE COURT: We need to do an arraignment?

MR. DENTON: Yes, your Honor.

THE COURT: Okay. We will do that now.

THE DEPUTY CLERK: You are Zimmian Tabb?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: Is that your attorney standing next to you?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: Have you received a copy of the indictment?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: Do you waive a detailed reading of the indictment?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: How do you plead?

THE DEFENDANT: Not guilty.

THE COURT: A plea of not guilty will be entered for Mr. Tabb. You may be seated, Mr. Tabb.

Mr. Signorelli.

MR. SIGNORELLI: Yes, your Honor. This is our first appearance on this case, and I have had a discussion with the government about the production of discovery. I have already submitted my discovery demand to the government, and the government has indicated to me that they would like until Friday, December 2, to provide all of the discovery to the defense.

THE COURT: What's the nature of the discovery, Mr. Denton.

MR. DENTON: Your Honor, it consists largely of audio and video recordings, some 911 calls, some video obtained during a search, and then various reports and lab results of testing.

THE COURT: With regard to the conversations, are they in English or in Spanish.

MR. DENTON: In English. They are recorded 911 calls.

THE COURT: What's the size of them?

MR. DENTON: They are short recordings, but the file size is large, so it is taking some time to get them burned on to disks.

MR. SIGNORELLI: Your Honor, then I will need a

relatively short period of time, perhaps a week or so, at most a week and a half to two weeks, to review thoroughly all of the discovery with my client. I would ask the government to provide a copy of the discovery to the MCC, which I think they do in the normal course. And at that point --

THE COURT: Yes, Mr. Denton.

MR. DENTON: Your Honor?

THE COURT: Yes.

MR. DENTON: We don't, in the normal coarse, provide discovery that's not on hard drives to the MCC. I can talk about whether it's possible to provide a disk with the recordings here, given that it is mostly electronic in nature.

THE COURT: Just make a double disk, one for Mr. Tabb and one for Mr. Signorelli.

MR. DENTON: Yes, your Honor.

MR. SIGNORELLI: And, your Honor, I will require that short period of time to thoroughly review that discovery with my client.

THE COURT: How about January 4?

MR. SIGNORELLI: I believe the date of January 4 was discussed with your courtroom deputy.

THE COURT: Yes. Is that sufficient?

MR. SIGNORELLI: It is more than sufficient, and I think even before then I will be in a position to determine what, if any, motions --

THE COURT: This is the ruling. January 4 at 11:00 you will be back. At that time, whatever motions you want to make will be declared, along with a briefing schedule. You don't have to bring any motion papers in, but you have to declare your motions, or they will be waived. And depending on what happens on January 4, we will then decide how the case goes forward towards a trial date.

Is that satisfactory, folks?

MR. SIGNORELLI: Yes, your Honor.

MR. DENTON: Yes, your Honor.

THE COURT: Motion?

MR. DENTON: Yes, your Honor.

The government would move to exclude time until the next conference on January 4 to allow the defense time to review discovery and contemplate any possible motions in this matter.

THE COURT: Without objection?

MR. SIGNORELLI: No objection, your Honor.

THE COURT: Thank you.

MR. SIGNORELLI: And I would also, if I just may say, this case has a substantial overlap, almost complete overlap with a case that's an earlier case that's currently pending before Judge Gardephe with regard to the new supervised release violation case filed by the government; and, unlike most of the violation cases that I have handled over the years, there is a

substantial overlap. In fact, the same violations in the case before Judge Gardephe -- it's a 2012 docket number, I believe -- are present in this case as well. I just wanted to bring that to your Honor's --

THE COURT: What's the volume of crack involved in my case, Mr. Denton?

MR. DENTON: Your Honor, I think it is about four grams in total.

MR. SIGNORELLI: And that is the same drugs, I believe, that is the basis of the violations before Judge Gardephe. It might make sense for a consolidation of the cases before one judge. I just wanted to alert the court of this circumstance at this point.

THE COURT: When are you next appearing before Judge Gardephe?

MR. SIGNORELLI: I'm sorry, your Honor?

THE COURT: When are you next appearing before Judge Gardephe?

MR. SIGNORELLI: I believe it is in December.

MR. DENTON: I believe it is January 12, your Honor.

MR. SIGNORELLI: It is, and he indicated that if we need to see him earlier, he would be happier to schedule an earlier conference as well.

THE COURT: All right. You remind me on January 4, okay?

MR. SIGNORELLI: Thank you, Judge.

THE COURT: Thank you.

MR. DENTON: Thank you, your Honor.

- - -