H23HTABC

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
3   UNITED STATES OF AMERICA,
4              v.                        16 CR 747 (AKH)
5
    ZIMMIAN TABB,
6
                                         Conference
7              Defendant.
8   ------------------------------x
9                                        New York, N.Y.
                                         February 3, 2017
10                                       11:45 a.m.
11
    Before:
12
                    HON. ALVIN K. HELLERSTEIN,
13
                                         District Judge
14
                            APPEARANCES
15
    PREET BHARARA
16       United States Attorney for the
         Southern District of New York
17  REBEKAH DONALESKI
    DAVID DENTON
18       Assistant United States Attorneys
19  RICHARD E. SIGNORELLI
         Attorney for Defendant
20
21
22
23
24
25
```

H23HTABC

1          (Case called)

2          MS. DONALESKI:  Good morning, your Honor.  Rebekah

3  Donaleski and David Denton for the government.

4          THE COURT:  Good morning.

5          MR. SIGNORELLI:  Good morning, Judge.  Richard

6  Signorelli.  And with me is my client, Zimmian Tabb.

7          THE COURT:  Good morning, all.

8          Ms. Donaleski, what do we have today?

9          MS. DONALESKI:  Your Honor, we're here as a status

10  conference.  The government would request that we set a motion

11  schedule.  We understand from defense that they may need more

12  time.  We have produced all of the discovery in our possession.

13          Just by way of background, the government has notified

14  defense counsel that we are considering superseding.  We're

15  still developing that proof.  Nonetheless, we've produced the

16  discovery relevant to the charges that we would consider

17  superseding with.  So, in other words, we don't anticipate

18  there would be much more discovery if we did supersede, and for

19  that reason, we've communicated to the defense counsel that we

20  should proceed forward with the motion that he knows he has in

21  terms of a suppression motion.  So that's where we are today.

22          THE COURT:  What would be the nature of the

23  supersession?

24          MS. DONALESKI:  Your Honor, we're still considering a

25  number of charges.  Most relevant would be charges related to

H23HTABC

1    the maintenance of a drug premises, possibly considering some

2    weapons superseders; but, again, we're still developing our

3    proof as to those charges.

4            MR. SIGNORELLI :  Judge, the problem I have with all

5    that is it creates almost a moving target as far as my pretrial

6    motions are concerned.  And I understand the government as a

7    general proposition has the discretion and opportunity to

8    supersede, but I do believe there are limits with regard to

9    adding charges to a pending case.

10           What I would suggest is the following:  That because

11   my pretrial motions should be omnibus, should be made all at

12   once so your Honor can consider them and also determine whether

13   a hearing should be held.  So my proposal is to give the

14   government a reasonable, but not lengthy, period of time to

15   determine whether they're going to add charges to this

16   particular case, perhaps no more than three weeks, then at that

17   point I can inform the Court as to all the motions we want to

18   make, and I will make those motions pursuant to a schedule

19   proposed for your consideration.

20           I think that makes a lot of sense rather than have

21   these charges added at a much later part of this case, more

22   motions may have to be filed, and I think the piecemeal

23   approach is, frankly, not in my client's interest.

24           THE COURT:  I recognize your issue and the difficulty

25   of planning how to proceed when you don't have knowledge of all

H23HTABC

1    that your client is exposed to; however, you made mention of a

2    possible suppression motion with regard to narcotics found in

3    the vehicle, I think.

4              MR. SIGNORELLI :  That's correct, your Honor.

5              THE COURT:  So that wouldn't change much in

6    relationship to other motions you might make.  I'll take the

7    risk of having to do this piecemeal.  I think you should go

8    ahead and make your motion.

9              MR. SIGNORELLI :  I would propose the following

10   schedule.

11             THE COURT:  The only way to shake up the government

12   this way is to set a trial date, Mr. Signorelli.  And probably

13   after determining your motion, if you fail in the motion, I'll

14   set a trial date.  If you win, the case is over, probably.

15             MR. SIGNORELLI :  Your Honor, may I propose the

16   following schedule, then, for pretrial motions, which would be,

17   to be specific, a motion to suppress drugs found in the vehicle

18   and/or, if I feel it's appropriate, drug paraphernalia found in

19   a --

20             THE COURT:  Whatever motions you want to make to the

21   existing indictment make.

22             MR. SIGNORELLI :  I would propose --

23             THE COURT:  And I want to have a certain date.

24             MR. SIGNORELLI :  I would propose defense motions by

25   March 9, three weeks for the government and two weeks for a

H23HTABC

1    reply.

2              MS. DONALESKI:  That's fine with the government, your

3    Honor.

4              THE COURT:  Motions by March 9, opposition by

5    March 23, reply by March 30.  I'll hear the motions March 6 --

6    April 6.  Sorry.

7              MR. SIGNORELLI :  Your Honor, I'm going to be away.

8              THE COURT:  Let's go off the record.  Let's get this

9    straight.

10             (Discussion off the record)

11             THE COURT:  Just to repeat, all motions with regard to

12   the current indictment are to be made by March 9 or waived.

13   Oppositions are due by March 23.  Reply is due by March 30.

14   The matter will be argued on April 4.  I will decide at that

15   time whether or not an evidentiary hearing is required and then

16   set the course for further proceedings, likely there will be a

17   trial ordered in short notice after that.  So if the government

18   wants to supersede, it should do so promptly.

19             MS. DONALESKI:  Yes, your Honor.

20             THE COURT:  Once a trial date is set, I'm not going to

21   be open to supersessions.

22             MS. DONALESKI:  Understood, your Honor.

23             THE COURT:  OK.  That answers your problem too,

24   Mr. Signorelli.

25             MR. SIGNORELLI :  Yes.

H23HTABC

1              THE COURT:  All right.

2              MR. SIGNORELLI :  Thank you, Judge.

3              THE COURT:  Motion to exclude time?

4              MS. DONALESKI:  Yes.  The government moves to exclude

5    time between today's date and April 4 in order to allow the

6    defense to make any motions.

7              THE COURT:  Without objection, so ordered.

8              MR. SIGNORELLI :  No objection, your Honor.

9              THE COURT:  So ordered.  Thank you.

10             MS. DONALESKI:  Thank you.

11             (Adjourned)

12

13

14

15

16

17

18

19

20

21

22

23

24

25