# LAW OFFICE OF
# RICHARD E. SIGNORELLI
## ATTORNEY AT LAW

799 Broadway, Suite 539, New York, New York  10003
Telephone:  (212) 254-4218   Cellular: (917) 750-8842   Facsimile: (212) 254-1396
rsignorelli@nycLITIGATOR.com℠
www.nycLITIGATOR.com℠

April 13, 2017

<u>Via ECF Filing and Courtesy Copy via Facsimile 212 805 7942</u>

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

Re: <u>United States v. Zimmian Tabb</u>, 16 CR 747 (AKH)

Dear Judge Hellerstein:

I am the attorney for Zimmian Tabb, a defendant in the above-referenced case. I feel compelled to write further  in response to the Government's letter to Your Honor today to correct certain statements made by the Government and to address their continued and wholly inappropriate attacks on my advocacy on behalf of my client which are singularly unique in my almost thirty year career as an attorney with an unblemished record.[1] I respectfully stand by the arguments that I have made on behalf of Mr. Tabb, all of which are fully supported by uncontroverted documentary evidence as set forth in the voluminous papers filed in connection with Mr. Tabb's pretrial motions.

There is no actual evidence to support the Government's repeated argument that the arresting officers actually knew about any 2005 outstanding arrest warrant at the time of the stop and arrest. Complete criminal record and warrant checks that very morning reveal no active or outstanding warrants. Mr. Tabb's criminal defense attorney was not aware of any arrest

---

[1] I have been a member of the Criminal Justice Act panel in this District for almost eighteen years and have had my membership renewed on five separate occasions by the Judges in this District on the basis of my competent, zealous, and honest advocacy on behalf of the clients the Court has appointed me to represent. For good reason, there has never been a single allegation, much less finding, that I have ever taken a frivolous or dishonest position on behalf of a client in any case.

warrants. Mr. Tabb was released on bail that day due to the non-existence of any warrants, possibly with the arresting officers in the courtroom at the very time of his release on bail. Mr. Tabb has had several encounters with the criminal justice system since 2005 including a prior federal case with no indication of any 2005 outstanding warrant. Finally, even the DAS Snapshot document inexplicably offered by the Government again (Exhibit 5 of its letter today) does not indicate the existence of an outstanding arrest warrant as the Government continues to inaccurately argue in its letter. The DAS Snapshot document shows an "active" 2005 case with the issuance of a "summons" but not the existence of an outstanding arrest warrant, in contrast with the other and closed entries on this page which do expressly indicate the presence of warrants (in various closed cases). There is no sworn or even unsworn evidence offered by the Government that the police even actually examined the information in this document at the time of the stop and arrest which is as important as the information contained on the document itself. All of these arguments have been extensively detailed in Mr. Tabb's reply papers. Simply put, there is no actual evidence offered by the Government that the police officers knew about the existence of the 2005 arrest warrant at the time of the stop and arrest on August 13, 2016 from any source as opposed to finding out about it well after this date which is what I believe happened here based on the uncontroverted evidence presented to the Court in Mr. Tabb's main and reply motion papers.

       The Government outrageously and inaccurately seems to be claiming that I am now accusing a clerk of the Bronx Criminal Court of not telling the truth. Of course, I am not doing so and no such allegation is contained in my letter of yesterday to Your Honor, nor would I ever make such an allegation. I have simply requested the Government to comply with Your Honor's order that a certified copy of the arrest warrant be obtained so that this loose end can be cleared up given its importance to the case and I agreed to consent to any reasonable adjournment necessary to obtain this certified copy. A memorandum from a clerk does not satisfy Your Honor's order. My position is not only reasonable but consistent with Your Honor's express order on the subject. Unfortunately, despite the fact that all I am asking for is for the Government to comply with the Court's order, I am instead the subject of inappropriate attacks. I also have not accused the Government of deliberately lying to the Court. I have repeatedly and consciously used terms such as "inaccurate" to describe the Government's statements to the Court in an effort at maintaining decorum and professionalism in this case despite the inappropriate attacks from the Government on my advocacy. At this point, I wish I could say the Government is making the same effort but they are not as evidenced by their inappropriate letter of today, which is unfortunate. However, there is no question that I do believe the Government can do more to investigate the underlying details concerning the officers' statements that at the very time they stopped the Vehicle on August 13, 2016, they were aware of the 2005 outstanding arrest warrant since there is no actual evidence to support the police officers' account on this particular issue. An evidentiary hearing on the subject may compel a more comprehensive evaluation by the Government of the officers' claims.

       It is true that I have alleged that the officers seem to have falsely stated that they were aware of an outstanding arrest warrant for Mr. Tabb at the time of the stop but I have done

so with actual evidence including the contemporaneous warrant check conducted by the Criminal Clerk's office shortly after the stop and arrest and other evidence as set forth in the motion papers. My responsibilities as an advocate require me to make this completely supported argument in order to properly and zealously represent my client. I have asked for a hearing on the issue so that the police officers can have the opportunity of testifying under oath as to the details of their purported knowledge of this 2005 outstanding arrest warrant. Moreover, not only is the Government vigorously opposing my request for a hearing which would give the officers the opportunity of explaining and perhaps supporting their position, but the Government has not even submitted a sworn statement with regard to how the officers actually knew about this 2005 warrant at the very time of the stop and arrest as the officers have alleged in their followup paperwork and, on hearsay, in the federal criminal complaint.[2]

      The Government continues to argue that the mere existence of the documents it has found in the court file pertaining to the 2005 summons case support the police officers' actions in arresting Mr. Tabb on August 13, 2016 on the basis of a known warrant at the time. The Government continues to obfuscate the essential issue at stake here: what did the officers know about the 2005 outstanding warrant, and when did they know about the 2005 warrant. The existence of an outstanding warrant arising from the 2005 case can only be the proper basis for his arrest <u>if</u> the officers actually knew at the time of the stop and arrest about the 2005 outstanding warrant, <u>or</u> the case can satisfy the three factor test set forth in the *Strieff* decision for subsequently discovered warrants. There is no actual evidence in the record to support the former proposition that the officers knew of the 2005 warrant at the time of the stop, and as set forth yesterday in my letter to Your Honor, the three factor test of the *Strieff* decision strongly supports the suppression of the evidence in this case.

      Though the Government now claims the *Strieff* decision is at least partly distinguishable from this case, it was the Government which cited it at oral argument in support of its position that even if the police officers did not know about the warrant at the time of the stop and arrest (which is what the defense has been arguing all along), the arrest and search were still proper because of the <u>subsequent</u> discovery of a valid outstanding arrest warrant. Though *Strieff* applied to a situation involving an illegal stop followed by a search, its reasoning and holding are completely applicable to Mr. Tabb's situation which involves an alleged illegal arrest followed by a search. It was for this reason that the Government cited the case to the Court in the first place. However, as my letter of yesterday makes clear, the *Strieff* three factor test does not support the admissibility of the evidence in this case because at least two of the factors in Mr. Tabb's situation favor suppression including the third factor of police misconduct if it can be proven at a hearing that the officers made up the allegation that they were aware then of the existence of the 2005 summons case as the uncontroverted evidence available to date seems to indicate. Though the Government claims that this is an "incendiary accusation," it is actually supported by uncontroverted evidence in this case. The Government fierce resistance to the

---

      [2]I do not make this allegation lightly in this case and I cannot recall any prior case in which I have done so against a law enforcement officer.

holding of a hearing, or to even submit sworn evidence on this point from the officers involved in the stop and arrest, is remarkable. Their attacks on a fellow member of the bar for making this necessary and supported allegation on behalf of his Court-appointed client are very inappropriate and hopefully will not continue.

        For the foregoing reasons, I respectfully request that the Court order the Government to produce a certified copy of the arrest warrant from the 2005 case along with the transcript of the criminal court proceeding that took place on August 31, 2016 since the Government claims my client appeared in court that day to receive a dismissal disposition even though Mr. Tabb has sworn that he did not appear. In addition, I respectfully request that the Court reconsider its decision denying Mr. Tabb's suppression motions without first conducting an evidentiary hearing given the existence of disputed issues of material fact and the actual reasoning and holding of the *Strieff* decision. Thank you.

        Respectfully,

        /s/ Richard E. Signorelli

        Richard E. Signorelli

cc (via email):
AUSA Rebekah Donaleski
AUSA David W. Denton, Jr.

cc (via 1st Class Mail):
Mr. Zimmian Tabb