```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          16 Cr. 747 (AKH)

ZIMMIAN TABB,

            Defendant.

------------------------------x
                                        New York, N.Y.
                                        May 5, 2017
                                        12:00 p.m.


Before:

              HON. ALVIN K. HELLERSTEIN
                             District Judge


                    APPEARANCES

JOON H. KIM
    Acting United States Attorney for the
    Southern District of New York
BY: REBEKAH DONALESKI
    Assistant United States Attorney

RICHARD SIGNORELLI
    Attorney for Defendant
```

H557TABP

1              (Case called)
2              (In open court)
3              DEPUTY COURT CLERK:  Counsel, please state your
4     appearances for the record.
5              MS. DONALESKI:  Good afternoon, your Honor.  Rebekah
6     Donaleski for the government.
7              THE COURT:  Good afternoon, Ms. Donaleski.
8              MR. SIGNORELLI:  Good afternoon, your Honor.  Richard
9     Signorelli, and with me is my client Mr. Zimmian Tabb.
10             THE COURT:  Good afternoon, gentlemen.
11             So, I understand Mr. Tabb is interested in changing
12    his plea from not guilty to guilty.  Is that right?
13             MR. SIGNORELLI:  That's correct, your Honor.
14             THE COURT:  Mr. Tabb, in order for me to consider a
15    guilty plea, I have to put you under oath and question you to
16    make sure that your plea is voluntary and that you understand
17    the consequences, and that there is an independent basis in
18    fact to support the plea.  So, you will be answering my
19    questions, and you must tell me the truth, the whole truth and
20    nothing but the truth.  If you don't do that, you expose
21    yourself to more punishment.  Do you want to go ahead?
22             THE DEFENDANT:  Yes.
23             (Defendant sworn)
24             THE COURT:  How old are you, Mr. Tabb?
25             THE DEFENDANT:  29 years old.

|    |                                                                  |
|----|------------------------------------------------------------------|
| 1  | THE COURT:  How much?                                            |
| 2  | THE DEFENDANT:  29.                                              |
| 3  | THE COURT:  Are you married?                                     |
| 4  | THE DEFENDANT:  29 years old.                                    |
| 5  | THE COURT:  Stand up straight.  Bring it close to him.           |
| 6  | Speak in a loud voice.  You are 29 years old?                    |
| 7  | THE DEFENDANT:  Yes.                                             |
| 8  | THE COURT:  Where were you born?                                 |
| 9  | THE DEFENDANT:  Bronx, New York.                                 |
| 10 | THE COURT:  Are you married?                                     |
| 11 | THE DEFENDANT:  Yes, separated.                                  |
| 12 | THE COURT:  Any children?                                        |
| 13 | THE DEFENDANT:  No.                                              |
| 14 | THE COURT:  Coming into today have you had any alcohol           |
| 15 | or narcotics or medicines that could blur your thinking?         |
| 16 | THE DEFENDANT:  No.                                              |
| 17 | THE COURT:  Are you clear minded?                                |
| 18 | THE DEFENDANT:  Yes.                                             |
| 19 | THE COURT:  Have you told everything about the case to           |
| 20 | Mr. Signorelli?                                                  |
| 21 | THE DEFENDANT:  Yes.                                             |
| 22 | THE COURT:  Are you satisfied with his services?                 |
| 23 | THE DEFENDANT:  Yes.                                             |
| 24 | THE COURT:  Has anyone promised you anything to cause            |
| 25 | you to want to plead guilty?                                     |

H557TABP

1            THE DEFENDANT:  No.
2            THE COURT:  Has anyone threatened you in any way to
3    cause you to want to plead guilty?
4            THE DEFENDANT:  No.
5            THE COURT:  Are you offering to plead guilty because
6    it's your own understanding that's the best thing for you under
7    the circumstances?
8            THE DEFENDANT:  Yes.
9            THE COURT:  It's your voluntary act?
10           THE DEFENDANT:  Yes, sir.
11           THE COURT:  Are you aware, are you not, that you are
12   entitled to a lawyer at every stage of the criminal process?
13           THE DEFENDANT:  Yes, sir.
14           THE COURT:  And that you are presumed to be innocent
15   unless and until the government proves your guilt beyond a
16   reasonable doubt to the satisfaction unanimously of a jury?
17           THE DEFENDANT:  Yes.
18           THE COURT:  And with the help of a lawyer you can test
19   the government and confront all witnesses against you and
20   cross-examine them.  Do you understand that?
21           THE DEFENDANT:  Yes, your Honor.
22           THE COURT:  And you would have the right to testify if
23   you wanted to testify, but if you didn't want to, you wouldn't
24   have to, and no one could raise an inference against you.
25           THE DEFENDANT:  Yes.

1          THE COURT:  You could cause all witnesses having
2     favorable information to come to the trial and testify in your
3     behalf whether they wanted to or not.
4          THE DEFENDANT:  Yes.
5          THE COURT:  You could make them do it; do you
6     understand that?
7          THE DEFENDANT:  Yes, your Honor.
8          THE COURT:  But you also understand that if you waive
9     all of these rights and plead guilty, you authorize me to
10    sentence you the same way I would be authorized if a jury
11    brought in a verdict of guilty against you.
12         THE DEFENDANT:  Yes.
13         THE COURT:  I understand there is a letter that you
14    signed today.  Do you have a copy of it there, Mr. Signorelli?
15         MR. SIGNORELLI:  I do, your Honor.
16         THE COURT:  Mr. Tabb, is that your signature?
17         THE DEFENDANT:  Yes, sir.
18         THE COURT:  And, Mr. Signorelli, is that yours?
19         MR. SIGNORELLI:  Yes, your Honor.
20         THE COURT:  And you both signed it today in court.
21         MR. SIGNORELLI:  We did, your Honor.
22         THE DEFENDANT:  Yes.
23         THE COURT:  I will return the government's original to
24    the government and mark a copy Court Exhibit 1.  Ms. Donaleski,
25    what is it Mr. Tabb is charged with?

1           MS. DONALESKI:  The defendant is currently charged in
2    three counts.  He has offered to plead guilty to the first
3    count, which is possession with the intent to distribute crack
4    cocaine, in violation of 21 U.S.C. 812 and 841(b)(1)(C).
5           THE COURT:  And what's the maximum punishment that is
6    available here?
7           MS. DONALESKI:  20 years, your Honor.
8           THE COURT:  And the minimum?
9           MS. DONALESKI:  There is no mandatory minimum.
10          THE COURT:  And what about the other provisions of the
11   fine, penalty and so on?
12          MS. DONALESKI:  Yes, your Honor.  The offense carries
13   a mandatory term of three years supervised release; a maximum
14   term of supervised release of life; a maximum fine of $1
15   million, or twice the gross pecuniary gain derived from the
16   offense, or twice the gross pecuniary loss to persons other
17   than the defendant resulting from the offense, as well as a
18   mandatory $100 special assessment.
19          THE COURT:  In the letter, Mr. Tabb, on the bottom of
20   the first page there is a sentence that begins "The government
21   will refrain from filing a prior felony information arising
22   from a prior conviction."  Do you see that?
23          THE DEFENDANT:  Yes, sir.
24          THE COURT:  Do you understand what that does, what
25   benefit you get from that?

1              THE DEFENDANT:  Say it again.
2              THE COURT:  You understand what benefit you get from
3    the agreement of the government to refrain from filing a prior
4    felony information?
5              THE DEFENDANT:  Oh, yes.
6              THE COURT:  What is the benefit you get?
7              THE DEFENDANT:  Basically I'll get like low statutory
8    minimum.
9              THE COURT:  The statutory maximum for punishment won't
10   be increased.
11             THE DEFENDANT:  Yes, I understand.
12             THE COURT:  It's 20 years now.  If this prior felony
13   information is filed, the maximum penalty would be 30 years; do
14   you understand that?
15             THE DEFENDANT:  Yes.
16             THE COURT:  That's the advantage of that?
17             MS. DONALESKI:  Yes, your Honor.
18             THE COURT:  So, by having the government sign that,
19   agree to that, you assure that your punishment cannot exceed 20
20   years.
21             THE DEFENDANT:  Yes.
22             THE COURT:  And you understand that benefit.
23             THE DEFENDANT:  I understand.
24             THE COURT:  On page 2 and 3 there is an analysis of
25   what the guidelines would point to in this particular case, and

1   there is an issue whether or not you are a career offender.
2   You know about that issue?
3           THE DEFENDANT:  Yes, your Honor.
4           THE COURT:  Your lawyer takes the position that you
5   are not to be punished as a career offender.  The government
6   takes the position that you are a career offender and should be
7   punished accordingly.  Do you understand that difference?
8           THE DEFENDANT:  Yes, your Honor.
9           THE COURT:  That's not going to be resolved by this
10  plea.  You have your argument; the government will have its
11  argument.  I will have to make my decision at the end of the
12  case.  Do you understand that?
13          THE DEFENDANT:  I understand, your Honor.
14          THE COURT:  Now, there is a large difference in what
15  the guidelines recommend as a punishment between the
16  government's position and your lawyer's position.  You are
17  aware of that as well?
18          THE DEFENDANT:  Yes.
19          THE COURT:  So, if the government's position is
20  accepted, given your criminal history the range of punishment
21  would be 151 to 188 months.  Do you understand that?
22          THE DEFENDANT:  Yes, I understand.
23          THE COURT:  I haven't studied the matter yet, so I
24  don't know how I will decide it, but how I decide could affect
25  your punishment, the severity of punishment, and it's possible

1    you could be disappointed.  Do you understand that?
2                THE DEFENDANT:  Yes, I understand, your Honor.
3                THE COURT:  I may punish you as if you're a career
4    offender, and I may vary the sentence even more.  I'm not
5    saying I will but that's possible, and you could be
6    disappointed by having to plead today.  You know that?
7                THE DEFENDANT:  Yes, understood.
8                THE COURT:  You cannot withdraw your plea even though
9    you're disappointed.  What you do if I accept it today is
10   binding.  Do you understand?  I make clear by making the plea
11   of guilty, you're bound by it if I accept it.
12               THE DEFENDANT:  Yes.
13               THE COURT:  You can't get out of it.
14               THE DEFENDANT:  Yes.
15               THE COURT:  Even though you may be disappointed.
16               THE DEFENDANT:  Excuse me.
17               MR. SIGNORELLI:  Your Honor, my client has a question.
18   May I?
19               THE COURT:  Yes.
20               MR. SIGNORELLI:  Your Honor, if I may, my client just
21   had a question as to whether you're going to also inquire as to
22   the lower range.
23               THE COURT:  Yes.  Thank you for pointing that out, Mr.
24   Signorelli.
25               MR. SIGNORELLI:  Sorry to interrupt.

1            THE COURT:  You're not interrupting.

2            So I have discretion to punish you below the

3    guidelines or above the guidelines.  I could take into

4    consideration various aspects that would cause me to punish you

5    less than the guidelines, and I could punish you above the

6    guidelines, or I could punish you within the guidelines.  The

7    point I'm making is that if you're disappointed by what I do,

8    you can't go back and say, oh, I'm going to give you back the

9    plea.  Once you plead, you are bound.

10           THE DEFENDANT:  Yes, I understand.

11           THE COURT:  OK.  Now, if I sentence you within the

12   guidelines range, between 151 and 188 months, you give up your

13   right to appeal, if I sentence you within that guideline range

14   or below it.

15           MR. SIGNORELLI:  Your Honor, actually unlike the usual

16   plea agreement, this has two separate plea agreements, and the

17   waiver is determined by whether this court finds he is or is

18   not a career offender.  So the waiver in this case would apply

19   to any sentence 41 months or less for the defendant; and for

20   the government the waiver would apply for any sentence 151

21   months or more.

22           THE COURT:  So let's say I sentenced Mr. Tabb to 45

23   months.  Would he have the right to appeal?

24           MR. SIGNORELLI:  He would under this provision if your

25   Honor also determined he was a career offender.

1        THE COURT:  So he reserves the right to appeal from
2   the determination that he is a career offender.
3        MR. SIGNORELLI:  Yes.  And --
4        THE COURT:  He preserves the right to appeal if I
5   determine at sentencing that he is to be punished as a career
6   offender.
7        MR. SIGNORELLI:  He does, with one important
8   distinction:  If he also receives a sentence above 41 months.
9   So he has an absolute right to appeal any sentence above 41
10  months and if your Honor finds he is a career offender.
11       THE COURT:  OK.  Is that right?
12       MS. DONALESKI:  That's right, your Honor.
13       MR. SIGNORELLI:  And he understands that if he is
14  sentenced at 41 months or less, he gives up his right to
15  appeal.
16       THE COURT:  OK.  And you also give up your right to
17  post-conviction review.
18       THE DEFENDANT:  Oh, yes.
19       THE COURT:  Ms. Donaleski, please tell me what the
20  material items you have to prove and how you go about proving
21  them.
22       MS. DONALESKI:  Yes, your Honor.  So the crime that's
23  charged has three elements:  First, that the defendant
24  knowingly or intentionally possessed a control substance, in
25  this case crack cocaine; second, that the controlled substance

Case 1:16-cr-00747-AKH   Document 45   Filed 05/23/17   Page 12 of 18    12
H557TABP

|  |  |
|---|---|
| 1 | was in fact a quantity of crack cocaine; and, third, that the |
| 2 | defendant possessed the substances with the intent to |
| 3 | distribute them. |
| 4 |       THE COURT:  What volume of cocaine are we talking |
| 5 | about? |
| 6 |       MS. DONALESKI:  I believe it's approximately 3.75 |
| 7 | grams, your Honor. |
| 8 |       THE COURT:  3.75? |
| 9 |       MS. DONALESKI:  Yes, that's correct, your Honor. |
| 10 |       MR. SIGNORELLI:  3.75 grams. |
| 11 |       And, your Honor, Count One has an aiding and abetting |
| 12 | element which he will be allocuting to, which I discussed with |
| 13 | the government. |
| 14 |       THE COURT:  And how would you prove it? |
| 15 |       MS. DONALESKI:  The government would prove through |
| 16 | witness testimony and 911 calls that the defendant was driving |
| 17 | in a car with another individual, and that as a result of 911 |
| 18 | calls reporting a shooting involving the car, the car was |
| 19 | pulled over, and pursuant to an inventory search that was later |
| 20 | conducted on the car, a number of baggies of crack cocaine were |
| 21 | found in the gas cap to the defendant's vehicle. |
| 22 |       THE COURT:  Was anyone else in the car? |
| 23 |       MS. DONALESKI:  Yes, another individual by the name of |
| 24 | Magrique Jones. |
| 25 |       THE COURT:  And what is the proof attributing |

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   defendant to that crack cocaine that was found in the car?
2           MS. DONALESKI:  It was the defendant's car, your
3   Honor, and they were in his gas cap.
4           At trial we would also expect to prove about what was
5   found in the search of the defendant's apartment, which was
6   also registered in the same name of the individual, Courtney
7   Jackson, as was the car.  As your Honor is well aware, within
8   the apartment we found narcotics paraphernalia and heroin and
9   cocaine residue.
10          THE COURT:  OK.  Where was the car found?
11          MS. DONALESKI:  The car was found in the Bronx off of
12  White Plains road.
13          THE COURT:  So you proved venue.
14          MS. DONALESKI:  Yes, your Honor.
15          THE COURT:  Mr. Signorelli, have you reviewed the
16  evidence?
17          MR. SIGNORELLI:  I have in great detail.
18          THE COURT:  Do you feel the government could prove a
19  prima facie case against your client?
20          MR. SIGNORELLI:  Yes, your Honor.
21          THE COURT:  Do you know of any defenses that would
22  trump the proof?
23          MR. SIGNORELLI:  Whatever defenses my client would
24  like to waive in order to accept responsibility.
25          THE COURT:  Does he have any defenses that would be

1    available?
2             MR. SIGNORELLI:  We are waiving any possible defenses.
3             THE COURT:  If he weren't to waive, is there a defense
4    that you find could trump the government's proofs?
5             MR. SIGNORELLI:  If he weren't to waive the defenses?
6             THE COURT:  If he were not to waive.  You don't have
7    to answer that.
8             Are you offering to plead guilty, Mr. Tabb, because
9    you are in fact guilty of the crimes charged?
10            THE DEFENDANT:  Yes, sir.
11            THE COURT:  Please tell me what you did to make
12   yourself guilty.  Are you reading a statement that you prepared
13   --
14            THE DEFENDANT:  Yes.
15            THE COURT:  -- with the help of your lawyer?
16            THE DEFENDANT:  Yes, I'm reading it.
17            MR. SIGNORELLI:  And I provided that to the government
18   beforehand.
19            THE COURT:  Go ahead.
20            THE DEFENDANT:  On or about August 13, 2016, in the
21   Bronx, I aided and abetted possession with intent to distribute
22   approximately 3.75 grams of crack cocaine.  I committed this
23   crime by knowingly and intentionally allowing a person to place
24   his crack cocaine in the vehicle I was driving.  I helped this
25   person possess with the intent to distribute this crack by

1     driving him in my vehicle.
2                THE COURT:  Did you know he had secreted cocaine in
3     the gas cap of your car?
4                THE DEFENDANT:  I knew he had drugs.  Excuse me, not
5     drugs.
6                THE COURT:  Illegal drugs?
7                THE DEFENDANT:  Yes, he had crack cocaine.  I knew he
8     had crack cocaine, yes.
9                THE COURT:  And he was planning to distribute it?
10               THE DEFENDANT:  Yes.
11               THE COURT:  And by allowing him to secrete it in your
12    car and driving him to some destination, you intended to help
13    him?
14               THE DEFENDANT:  Yes, I understand that I was wrong for
15    that.
16               THE COURT:  Were you intending to help him?
17               THE DEFENDANT:  Yes, I intended on helping him by
18    allowing him inside my car, yes sir.
19               MR. SIGNORELLI:  And, your Honor, he has two more
20    statements if he may.
21               THE COURT:  Go ahead.
22               THE DEFENDANT:  At the time I knew that by assisting
23    another person to possess with the intent to distribute crack
24    cocaine was wrong and illegal, even if the crack cocaine did
25    not belong to me.  I am sorry for having committed this crime,

1    and I accept responsibility for having committed this crime,
2    which I really am.
3             THE COURT:  Say that again.
4             THE DEFENDANT:  I am sorry for having committed this
5    crime, and I accept responsibility for having committed this
6    crime, which I really am.
7             THE COURT:  Thank you.  This occurred in the Bronx?
8             THE DEFENDANT:  Yes, sir.
9             THE COURT:  About when?
10            THE DEFENDANT:  Summer of 2016.
11            THE COURT:  Were you going to get paid for this?
12            THE DEFENDANT:  No.
13            THE COURT:  Why did you do it?
14            THE DEFENDANT:  Why?  At the time I didn't --
15            MR. SIGNORELLI:  May I have a moment, your Honor?
16            THE COURT:  Yes.
17            MR. SIGNORELLI:  Thank you, Judge.
18            Please answer.
19            THE COURT:  Why did you do it?
20            THE DEFENDANT:  Why did I do it?  Basically I did it
21   to basically help him, help him not basically get locked up.
22            THE COURT:  You knew he was going to make money on the
23   deal?
24            THE DEFENDANT:  Yes.  I knew he had his own -- yes,
25   yes.  Basically, yes.

1          THE COURT:  And you wanted to help him sell the drugs
2     and make some money?
3          THE DEFENDANT:  Yes.
4          THE COURT:  Any further questions I should ask, Ms.
5     Donaleski?
6          MS. DONALESKI:  No, your Honor.
7          THE COURT:  Mr. Signorelli?
8          MR. SIGNORELLI:  No, your Honor.
9          THE COURT:  I accept your plea of guilty, Mr. Tabb.
10         THE DEFENDANT:  Thank you.
11         THE COURT:  I find you guilty of the crime charged in
12    Count One of the indictment, that is, with possessing with
13    intent to distribute mixtures and substances containing a
14    detectable amount of cocaine base in violation of the laws
15    cited in the indictment.
16         I find that the plea is voluntary and he understands
17    the consequence, and there is an independent basis in fact to
18    accept the plea.
19         Sentence will occur?
20         DEPUTY COURT CLERK:  August 18 at 11 a.m.
21         MR. SIGNORELLI:  Your Honor, could we have a little
22    bit more time for the presentence investigation?  There are
23    some records I need, and I submitted a request that should be
24    hitting your Honor's desk shortly for an expert to examine him.
25    May I have September or October for the sentencing?

H557TABP

1       THE COURT:  Yes, September.
2       DEPUTY COURT CLERK:  September 29.
3       THE COURT:  Time?
4       DEPUTY COURT CLERK:  At 11.
5       MR. SIGNORELLI:  Thank you, Judge.
6       THE COURT:  Mr. Signorelli is to be given notice of
7  any interview by probation of Mr. Tabb, and the government will
8  purchase and provide a copy of the transcript to the probation
9  officer prior to the interview.
10      MS. DONALESKI:  Yes, Judge.
11      MR. SIGNORELLI:  Thank you.
12      MS. DONALESKI:  Thank you, Judge.
13      (Adjourned)