



RECEIVED
JAN 17 2018
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 17, 2018

*[Handwritten note:] The motion to adjourn is denied. The gov't can present its arguments, substantive and [illegible], for an adjournment, at, or immediately prior to sentencing. 1-18-18 [signature]*

**BY ECF AND FAX**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  United States v. Zimmian Tabb, S1 16 Cr. 747 (AKH)

Dear Judge Hellerstein:

The Government respectfully writes to request a one-month adjournment of the sentencing currently scheduled for January 19, 2018, in order to permit the Government to evaluate and respond to the novel factual and legal assertions in the defense's sentencing submission, and consider any appropriate motion practice. On January 16, 2018, three days prior to sentencing, defense counsel filed a 61-page sentencing memorandum, accompanied by 52 pages of exhibits, including a psychological expert report. The Government is currently evaluating whether, in light of the defense's submission, the defense has breached the terms of the plea agreement, including with respect to: (i) the defense's argument for a minor-role reduction, which was not reflected in the plea agreement; (ii) arguments based on the defense's psychological evaluation report, that tend to negate the defendant's intent; (iii) factual arguments at odds with the parties' stipulation that the stash house enhancement applies; and (iv) whether the defendant's factual arguments are consistent with the acceptance of responsibility. The defense indicated in its submission, Def. Mem. at 1 n.1, that it would consent to an adjournment of sentencing given the late filing.

USDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/18

Very truly yours,

GEOFFREY BERMAN
United States Attorney for the
Southern District of New York

by: _____/s/_____
David W. Denton, Jr. / Rebekah Donaleski
Assistant United States Attorneys
(212) 637-2744/2423

cc:  Richard Signorelli, Esq. (by email and ECF)

RECEIVED
JAN 17 2018
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

# LAW OFFICE OF
# RICHARD E. SIGNORELLI
## ATTORNEY AT LAW

799 Broadway, Suite 539, New York, New York 10003
Telephone: (212) 254-4218  Cellular: (917) 750-8842  Facsimile: (212) 254-1396
rsignorelli@nycLITIGATOR.com℠
www.nycLITIGATOR.com℠

January 17, 2018

<u>Via ECF Filing and Courtesy Copy via Facsimile 212 805 7942</u>

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

Re:   <u>United States v. Zimmian Tabb</u>, 16 CR 747 (AKH)

Dear Judge Hellerstein:

      I am the attorney for Zimmian Tabb, a defendant in the above-referenced case who is presently scheduled to be sentenced on January 19, 2018. I write to respectfully respond to the letter sent to Your Honor by the Government. As to the request for an adjournment of the sentencing, I will note that the sentencing has already been adjourned at the Government's request for a lengthy period of time in order to accommodate the respective trial schedules of the two assigned Assistant U.S. Attorney's to this case. The Government should have submitted its own sentencing submission in advance of the current sentence date knowing full well the complex issues in play concerning the career offender issue as well as the application of the factors set forth in Section 3553(a). Indeed, given that the Government has the burden of proof with regard to whether the career offender enhancement should apply or not, the Government's submission should have been filed prior to the defense submission. Subject to Your Honor's consideration, we would be willing to consent to a two week adjournment of the sentencing in this case as a courtesy to government counsel.

      I do take very serious issue, respectfully, with the Government's statements that the defense may have breached the plea agreement. On the contrary, every single argument made in the defense sentencing submission is consistent with both the terms of the plea agreement and my obligations to make all factual and legal arguments necessary under Section 3553(a) on behalf of my client. Though the legal issues concerning the career offender issues are complex, there is nothing novel in the approach I have taken on behalf of Mr. Tabb in this case as his advocate with regard to presenting this Court will all relevant information necessary as the plea agreement expressly allows the parties to do. In so doing, I have not violated the terms of the plea agreement but have abided by such terms. Indeed, this is the same approach I have taken in

hundreds of sentencing proceedings involving plea agreements and on no prior occasion have I ever been accused of violating a term of a plea agreement on behalf of a client. The only thing novel here is the Government's unfounded allegations concerning this issue. Thank you for your consideration of this request.

> Respectfully,
>
> /s/ Richard E. Signorelli
>
> Richard E. Signorelli

cc (via ECF):
AUSA Rebekah Donaleski
AUSA David W. Denton, Jr.