UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

UNITED STATES OF AMERICA,

    -against-

ZIMMIAN TABB,

                 Defendant.

----------------------------------------------------------------- x

**SENTENCING ORDER HOLDING DEFENDANT A CAREER OFFENDER**

16 Cr. 747 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    On November 9, 2016, Zimmian Tabb was charged in a single-count indictment with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(C). This Court accepted Tabb's guilty plea on May 5, 2017, and on January 19, 2018, the Court sentenced Tabb to 120 months' imprisonment. That sentence was based, in part, on a finding that Tabb's prior conviction for attempted assault under New York Penal Law § 120.05(2) qualifies as a "crime of violence" under Section 4B1.2(a) of the United States Sentencing Guidelines ("Guidelines"), and that his conviction for conspiracy to distribute narcotics under 21 U.S.C. § 846 qualifies as a "controlled substance offense" under Section 4B1.2(b) of the Guidelines, rendering him subject to the career offender sentencing enhancement. *See* U.S.S.G. § 4B1.1.[1] The Court now issues this Order to explain and supplement its ruling.

---

[1] Whether the career offender enhancement applies to Tabb's case has a significant effect on the applicable guideline range. At sentencing, the Court found that without the career offender enhancement, Tabb had a basic offense level of 14. *See* U.S.S.G. § 2D1.1. He was then subject to a two-level enhancement for maintaining a premises for the purposes of manufacturing or distributing a controlled substance, *see* U.S.S.G. § 2D1.1(b)(12), and a three-level decrease for timely acceptance of responsibility and assisting authorities in the investigation, *see* U.S.S.G. § 3E1.1(a)–(b). This would have placed Tabb in Offense Level 13 with criminal history category VI, resulting in a guideline range of 33–41 months. With the career offender enhancement, Tabb's Offense Level was increased to 32. *See* U.S.S.G. § 4B1.1. After a three-point reduction for acceptance of responsibility, the Court concluded that Tabb had an Offense Level of 29 and a criminal history category of VI, resulting in a guideline range of 151–180

## Background

The 2016 Sentencing Guidelines Manual applies to Tabb's sentencing proceedings. Section 4B1.1(a) of the Guidelines provides, in relevant part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. The dispute in this case centers on the third element—whether Tabb has two prior felony convictions that qualify as either a crime of violence or a controlled substance offense. These terms are defined in Section 4B1.2 of the Guidelines as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).
>
> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a

---

months. The Court ultimately determined, based on all the circumstances, that a variance was proper in this case and sentenced Tabb to 120 months' incarceration.

2

>counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(a)–(b). Section 4B1.2(a)(1) has come to be known as the "elements" or "force clause."[2] Application Note 1 to the Commentary for Section 4B1.2 provides that "'[c]rime of violence' and 'controlled substance offense' include the offense of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, application note 1.

## Discussion

Tabb argued strenuously at sentencing that the career offender enhancement should not apply to his case. In light of binding Second Circuit precedent, the Court concludes that both of his relevant convictions qualify under Section 4B1.2 of the Guidelines, and Tabb is therefore subject to the career offender sentencing enhancement.

### A.  Defendant's Attempted Assault Conviction

Tabb first argues that his conviction for attempted assault under New York Penal Law § 120.05(2) does not qualify as a "crime of violence" under Section 4B1.2(a)(1) of the guidelines. Under the New York statute, "[a] person is guilty of assault in the second degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or dangerous instrument." N.Y. Penal Law § 120.05(2). Tabb argues that under the "elements" or "force clause" of Section 4B1.2(a)(1), his conviction does not qualify as a "crime of violence" because it did not necessarily require a showing of "strong physical force," as understood by the Supreme Court in *Johnson v. United States*, 559 U.S. 133, 140 (2010). But the Second Circuit has already rejected

---

[2] A prior version of Section 4B1.2(a)(2) also included what was commonly known as the "residual clause." The Sentencing Commission removed the residual clause in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

this basic contention in *United States v. Walker*, 442 F.3d 787, 788 (2d Cir. 2006). Calling this very argument "meritless," the Court held that "categorically, [the defendant's] conviction involved an attempt to cause physical injury by means of a deadly weapon or dangerous instrument. To (attempt to) cause physical injury by means of a deadly weapon or dangerous instrument is necessarily to (attempt to) use 'physical force,' on any reasonable interpretation of that term . . . ." *Id.*

Tabb's attempts to avoid this result are not persuasive. Tabb primarily encourages the Court to follow the approach taken by the district court in *Villanueva v. United States*, 191 F. Supp. 3d 178, 192 (D. Conn. 2016). The *Villanueva* court held that a conviction under an identical Connecticut statute "does not necessitate the use of force in light of the definition of the term 'dangerous instrument,'" which "includes substances." *Id.* The court concluded that because one could use "emotional force to compel another person to take a cyanide pill," no showing of physical force was required to sustain a conviction under the Connecticut statute. *Id.* But Tabb's argument misses the point. Apart from my disagreement with the holding and applicability of *Villanueva*, this Court is required to follow *Walker* "unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *Rainey v. United States*, No. 14-CR-197 (JMF), 2017 WL 507294, at *2 (S.D.N.Y. Feb. 7, 2017) (internal quotation marks omitted) (quoting *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015)). "The precise question for this Court, then, is not whether, by its own analysis" later Supreme Court cases imply a different result than the one reached in *Walker*, but whether a later decision "so conclusively supports [a] finding that the Second Circuit or the Supreme Court is all but certain to overrule" its prior decision. *United*

4

*States v. Emmenegger*, 329 F. Supp. 2d 416, 429 (S.D.N.Y. 2004). There is no reason to believe this is so. The Second Circuit has twice held, albeit in unpublished orders, that *Walker* remains good law. *See United States v. Rios*, No. 16-2882, 2017 WL 5952691, at *2 (2d Cir. Dec. 1, 2017); *Harris v. United States*, No. 15-2679, Docket No. 38 (2d Cir. Nov. 17, 2015). And courts in this district have continued to apply *Walker* accordingly. *See, e.g., Rainey v. United States*, No. 14-CR-197 (JMF), 2017 WL 507294, at *2 (S.D.N.Y. Feb. 7, 2017); *Williams v. United States*, No. 15 CIV. 3302 (RMB), 2015 WL 4563470, at *5 (S.D.N.Y. July 20, 2015), *aff'd*, No. 15-2674, 2017 WL 4857449 (2d Cir. Oct. 26, 2017).

      The Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) also does not compel a different conclusion. In *Johnson*, the Court held that the "residual clause" in the "violent felony" provision of the Armed Career Criminal Act, codified at 18 U.S.C. § 924(e), was void for vagueness. *Id.* at 2563. Previous iterations of Section 4B1.2(a) contained an identical residual clause, which defined a "crime of violence" as "burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(a)(2) (2015) (emphasis added). In response to *Johnson*, the Sentencing Commission removed the residual clause from the career offender sentencing enhancement. *See* U.S.S.G. § 4B1.2(a). But *Walker* did not rely exclusively on the residual clause to hold that attempted assault under New York Penal Law § 120.05(2) qualifies as a "crime of violence." *Walker*, 442 F.3d at 788. Instead, *Walker* specifically held that attempted assault under New York law qualifies as a crime of violence *also* under the "force clause" of Section 4B1.2(a)(1). *Id.*; *see also Rainey*, No. 14-CR-197 (JMF), 2017 WL 507294, at *2. There is therefore no indication that *Johnson* undermines the Second Circuit's holding in *Walker*.

Finally, Tabb contends that because he was convicted for *attempted* assault, an inchoate offense, rather than the underlying crime, his conviction does not constitute a crime of violence under Section 4B1.2(a). Notwithstanding Tabb's creative construction of the federal and state law on this point, the Second Circuit's decision in *Walker* disposes of this question. *Walker* itself involved precisely the same charge at issue here—attempted assault under New York Penal Law § 120.05(2). *Walker*, 442 F.3d at 788. Furthermore, under New York law "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." New York Penal Law § 110.00. This has been understood to mean that "[t]he act need not be the final one towards the completion of the offense . . ., but it must carry the project forward within dangerous proximity to the criminal end to be attained." *People v. Bracey*, 41 N.Y.2d 296, 300 (1977) (internal quotation marks omitted) (first quoting *People v. Sullivan*, 173 N.Y. 122, 133 (1903), and then quoting *People v. Werblow*, 241 N.Y. 55, 61 (1925)). Accordingly, in reasoning and under precedent, I find that Tabb's conviction was for a crime of violence.

### B. Defendant's Attempted Assault Conviction

For similar reasons, binding Second Circuit precedent requires the Court to find that Tabb's second conviction for conspiracy to distribute narcotics under 21 U.S.C. § 846 qualifies as a "controlled substance offense" under Section 4B1.2(b). Specifically, in *United States v. Jackson*, the Second Circuit explicitly held that drug conspiracy convictions under Section 846 "qualify as controlled substance offenses" for purposes of the career criminal enhancement. 60 F.3d 128, 133 (2d Cir. 1995).

To avoid this result, Tabb argues that the Court should instead adopt the Tenth Circuit's outlier approach to this question. In *United States v. Martinez-Cruz*, the Tenth Circuit

6

applied the categorical approach and concluded that because 21 U.S.C. § 846 does not include an overt act requirement, it does not match the generic conspiracy definition found in state and federal law. *See* 836 F.3d 1305, 1314 (10th Cir. 2016).[3] But the Tenth Circuit readily acknowledged that its decision "pits us against out sister circuits." *Id.*[4] And more importantly, even if the Second Circuit's decision in *Jackson* did not consider precisely the same arguments raised here, I am bound to follow Second Circuit precedent unless it is abundantly clear that later developments in the law render it untenable. *See Diaz*, 122 F. Supp. 3d at 179. No such showing has been made.

Finally, my conclusion is also supported by Application Note 1 to Section 4B1.2 of the Guidelines, which instructs that the terms "crime of violence" and "controlled substance offense" include attempt and conspiracy charges. *See* U.S.S.G. § 4B1.2, application note 1. Tabb argues that the Court should not apply the application note because it expands the text of Section 4B1.2 of the Guidelines to the point of inconsistency. I disagree. The Supreme Court has held that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). Were the Court to decide this issue on a clean slate, I would hold that it is plainly consistent with the text of the Section 4B1.2 to include inchoate or conspiracy charges as covered offenses. And, once again, the Second Circuit has explicitly considered this issue in *Jackson*, holding that

---

[3] The Court acknowledges that a Maryland District Court adopted a similar approach in analyzing a defendant's prior conviction for RICO conspiracy under 18 U.S.C. § 1962. *See United States v. Lisbon*, No. CR JKB-16-485, 2017 WL 3034799, at *2 (D. Md. July 18, 2017). The district court in *Lisbon* ultimately determined that the rule of lenity required the Court not to apply Application Note 1 of Section 4B1.2, but alternatively suggested that the categorical approach to the conspiracy statute at issue would not make the defendant a career offender. *Id.* I decline to follow this approach.

[4] For instance, the Ninth Circuit in *United States v Rivera-Constantino*, 798 F.3d 900, 906 (9th Cir. 2015) held that the plain language of the term "controlled substances offense" clearly includes a conspiracy conviction under 21 U.S.C. § 846.

Application Note 1 merely interprets Section 4B1.2 and is therefore binding on sentencing courts. *Jackson*, 60 F.3d at 131.

For the reasons stated on the record and supplemented herein, I hold that Tabb's prior convictions under New York Penal Law § 120.05(2) and 21 U.S.C. § 846 subject him to the career offender enhancement under Section 4B1.2 of the Guidelines.

SO ORDERED.

Dated: January 25, 2018
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge